UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND C. WATKINS, | Case No. 1:18-cv-01656-AWI-JDP |
| Petitioner, | FINDINGS AND RECOMMENDATIONS THAT COURT DISMISS PETITION FOR WRIT OF MANDAMUS AT SCREENING |
| v. | |
| TUOLUMNE COUNTY SUPERIOR COURT, | ECF No. 1 |
| Respondent. | |

Petitioner Raymond C. Watkins, a civil detainee without counsel, has filed at least twelve cases against the Tuolumne County Superior Court, alleging a wide variety of misconduct.[1] In this case, petitioner seeks a writ of mandamus, claiming: (1) double jeopardy, (2) his wife's deliberate indifference to his defense needs, (3) general conspiracy involving the judge, the prosecutor, and petitioner's counsel in an ongoing criminal proceeding, seeking to deprive petitioner of effective assistance of counsel, and (4) retaliation by jail staff for filing grievances.

---

[1] Petitioner's allegations include judicial corruption, general conspiracy among various state actors to obstruct justice, ineffective assistance of counsel, double jeopardy, denial of access to courts, evidence tampering, denial of basic human rights to reflect an alternate reality, and various errors alleged to have taken place during his competency hearing. *See Watkins v. Tuolumne County Superior Court*, Nos. 1:18-cv-00779-DAD-SAB, 1:18-cv-00787-JDP, 1:18-cv-00875-DAD-SAB, 1:18-cv-00876-AWI-EPG, 1:18-cv-01008-LJO-BAM, 1:18-cv-01096-DAD-SAB, 1:18-cv-01148-AWI-JLT, 1:18-cv-01158-LJO-BAM, 1:18-cv-01226-DAD-JDP, 1:18-cv-01385-SKO, 1:18-cv-01412-DAD-EPG, 1:18-cv-01426-LJO-SAB.

1

ECF No. 1. The matter is before the court for preliminary review. *See* 28 U.S.C. § 1915(e)(2).

I recommend that the court dismiss the case for failure to state a claim. Petitioner must exhaust other avenues of relief before seeking a writ of mandamus, an extraordinary remedy of last resort. *See In re Orange, S.A.*, 818 F.3d 956, 963 (9th Cir. 2016) (noting that the "foremost prerequisite" to a writ of mandamus, is that the party seeking the writ has "no other adequate means to attain the relief he desires"). Petitioner has other means of obtaining relief, such as filing civil rights complaints in state or federal court, for his claims of deliberate indifference and retaliation. Claims of double jeopardy and judicial corruption could hypothetically qualify for mandamus, *see United States v. Valenzuela-Arisqueta*, 724 F.3d 1290, 1297 n.8 (9th Cir. 2013); *United States v. Fei Ye*, 436 F.3d 1117, 1123 (9th Cir. 2006), because "the prejudice of the additional, and unnecessary, financial and emotional burden of having to stand trial" arising from the alleged violations could evade review, *see In re Ellis*, 356 F.3d 1198, 1210-11 (9th Cir. 2004). But petitioner does not state a claim of double jeopardy or judicial corruption.

In support of his double jeopardy claim, petitioner argues:

> The [state] trial court allowed an illegal maneuver in the fact that I had one case for over a year, then suddenly there's a new felony and a very different discovery. I found out on 3.7.18 when I was getting rebooked AGAIN that the bail company said the charges are dropped in that case, but here I am in jail on my 9.29.16 case plus new charges on that case and a new case with felony committed while on Bail. But I'm not on Bail. Double Jeopardy! They drop[p]ed charges and brought more.

ECF No. 1 at 3. We construe this argument to mean that the government brought certain charges against petitioner after dismissing some of them in an old case and that petitioner believes that being charged with the same offenses twice constitutes double jeopardy. He is mistaken. Double jeopardy attaches when a jury is empaneled and sworn, or, in the case of a bench trial, when the court begins to hear evidence. *United States v. Stoltz*, 720 F.3d 1127, 1131 (9th Cir. 2013). Because petitioner does not allege that a jury was empaneled and sworn or that the court began hearing evidence in petitioner's old case, he does not state a claim of double jeopardy.

Petitioner's claim of judicial misconduct warrants summary rejection. The petition, read generously, appears to say that certain judges have been unfair to petitioner because they

2

disagreed with him.  Petitioner has identified no incident of judicial misconduct.

**Findings and Recommendations**

I recommend that the court deny the petition for a writ of mandamus.  ECF No. 1.

These findings and recommendations are submitted to the U.S. District Court Judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen days of the service of the findings and recommendations, petitioner may file written objections to the findings and recommendations with the court and serve a copy on all parties.  That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   September 25, 2019

_____
UNITED STATES MAGISTRATE JUDGE

No. 202